**WEBB v. STATE et al.**

**No. 3911.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 14, 1941.

Rehearing Denied Dec. 10, 1941.

Scarborough, Yates & Scarborough, of Abilene, for appellant.

Morris Hodges and Lee Shoptaw, Asst. Attys. Gen., and Gerald C. Mann, Atty. Gen., for appellees.

O'QUINN, Justice.

In this case appellee, the State of Texas, recovered judgment against appellant, Lucian Webb, for the sum of $550.16 as taxes due by appellant under the provisions of the Texas Unemployment Compensation Act; Vernon's Ann.Civ.Statutes, Articles 5221b—1 to 5221b—22, being Acts of 1936, 44th Leg., 3rd C.S., page 1993, Chapter 482, as amended by Acts of 1937, 45th Leg., p. 121, Chapter 67, for the years 1937, 1938 and 1939. In support of its judgment, the trial court filed the following conclusions of fact and law:

"It is agreed between the parties that the defendant, Lucian Webb, during all of the years 1937, 1938, and 1939 was engaged in the plumbing business in the city of Abilene, Taylor County, Texas, under the name of Lucian Webb Plumbing Company, that the defendant was a master plumber and contracting plumber during said period and having in his employ various journeying plumbers and laborers, all of whom worked under his direction in connection with his business as a contracting plumber; that the work consisted of installation and repair of plumbing fixtures and equipment and was confined to that type of work.

"It is further agreed that during the year 1937 the defendant had in his employ from five to ten men at various times; that he had as many as eight men employed on one day during each of twenty-four weeks of the year 1937; and that he paid all unemployment compensation taxes demanded for the said year of 1937 to the State of Texas in the sum of $165.83.

"It is further agreed that during the year 1938 the defendant had in his employ from five to ten men at various times, but that he only had as many as eight to ten men in his employ for as many as nine weeks and not for more than nine weeks during the entire year of 1938.

"It is further agreed that no tax was paid to the State of Texas under the Un-employment Compensation Law covering the period of 1938.

"It is further agreed that for the year 1939 the defendant had from five to eleven men in his employ, but that he did not have as many as eight men in his employ for as many as twenty weeks in the year 1939 and, in fact, has only eight men in his employ for eight weeks in the year 1939 and did not have as many as eight men in any of the rest of the said year.

"It is further agreed that the defendant has not paid the unemployment compensation tax to the State of Texas for the year 1939 in any amount. Defendant denies any obligation to pay any further taxes which the plaintiff claims he owes; but it is agreed that if any sums are due for the year 1938, the same are correctly stated as to the amount in the itemized exhibit attached to plaintiffs' petition filed herein and a copy of which is hereto attached, and that, if any sums are due for the year 1939, the same are correctly stated as to amount in the said exhibit attached to said petition and a copy of which is also attached hereto.

"It is further agreed that the defendant did not file a formal application for termination of coverage as prescribed in Subsection 8(c) of the Texas Unemployment Compensation Act, Article 5221b—6(c) with the Texas Unemployment Compensation Commission to be relieved of his status as 'employer' under the Unemployment Compensation Act until March 19, 1940."

"Conclusions of Law

"I. Defendant was, during the period from January, 1938, through and including December, 1939, an employing unit which, having become an employer during the calendar year 1937, had not ceased to be an employer subject to the Texas Unemployment Compensation Act by filing with the Texas Unemployment Compensation Commission a written application for termination of coverage.

"II. Plaintiff is entitled to recover of defendant contributions in the amount of $456.50 and penalties in the amount of $93.66, with penalty at the rate of one per cent per month from November 1, 1940, until said contributions and penalty are paid to the Texas Unemployment Compensation Commission, together with Costs."

The court's judgment is predicated upon the fact finding that appellant failed to file

the application for termination of coverage provided by Article 5221b—6(c):

"An employing unit shall cease to be an employer subject to this Act only as of the 1st day of January of any calendar year, if it files with the Commission, prior to the 31st day of March of such year, a written application for termination of coverage, and the Commission finds that there were no twenty (20) different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight (8) or more individuals in employment subject to this Act. For the purposes of this sub-section the two or more employing units mentioned in paragraph (2) or (3) or (4) of section 19(f) shall be treated as a single employing unit."

The evidence clearly supports this fact conclusion. The only point made by appellant challenges the constitutionality of this section of the Texas Unemployment Compensation Act.

In Friedman v. American Surety Co. of New York, 151 S.W.2d 570, 577, the Supreme Court, by the following statement, sustained the constitutionality of this Act as against all constitutional points advanced by appellant; Judge Critz, writing the opinion, said: "It is sufficient to say that, measured by the above rules, the classifications and exceptions made by this Act are not unreasonable or arbitrary."

The judgment of the lower court is affirmed.