## HARRIS v. STATE et al.
### No. 3912.

Court of Civil Appeals of Texas. Beaumont.
Feb. 12, 1942.

Randle Taylor, of San Antonio, for appellant.

Gerald C. Mann, Atty. Gen., Peter Maniscalco and Lee Shoptaw, Asst. Attys. Gen., and Lee G. Williams, of Austin, for appellee.

COMBS, Justice.

This is a suit by the State to collect unemployment compensation taxes, penalties and interest alleged to be due by appellant, J. M. Harris, for the years 1938 and 1939, under the Texas Unemployment Compensation Act, Vernon's Ann.Civ.St. art. 5221b— 1 et seq. The issues on this appeal present questions of law only, the facts being without dispute.

Admittedly, appellant Harris was an employer subject to the Act for the year 1937, immediately preceding the period involved here. He made proper report and paid the amount due by him on the persons employed by him for that year. But beginning with September, 1937, he ceased operating his business and had no one in his employ until April 1, 1938, when he again began operating his business. From that time on through 1938 and 1939, he had from three to five persons in his employ but never as many as eight. The State contends that appellant was subject to the Act for the year 1938, even though he did not have as many as eight employees, by reason of the fact that he was subject to it the preceding year. Sec. 19 (f) (1), Vernon's Ann.Civ.St. art. 5221b—17(f) (1). And that he was subject to it for both years, 1938 and 1939, by reason of the fact that he did not file application for termination of coverage as provided in Sec. 8(b) of the Act, Vernon's Ann.Civ.St. art. 5221b—6(c). Appellant did not file written application for termination of coverage as provided by the Act. Sec. 8(b). The trial court sustained the State's contention and entered judgment in favor of the State and against the appellant for unemployment contributions for the years 1938 and 1939, together with penalties and interest aggregating $139.61.

### Opinion.

All points presented by appellant in his brief, except the last one, challenge the constitutionality of certain provisions of the Texas Unemployment Compensation Act, particularly Sec. 8(b) thereof which provides the method whereby an employing unit may cease to be an employer, subject to the Act, upon making written application for termination of coverage. We deem it unnecessary to discuss the constitutional questions since they appear already to have been settled adversely to appellant's contentions. Our Supreme Court has held that the Act does not violate any part of the Texas Constitution. Friedman v. American Surety Co. of New York, Tex.Sup., 151 S.W.2d 570. The opinion in that case discusses various provisions of the Act in their relation to pertinent provisions of the State Constitution, and apparently holds the Act constitutional in all its parts, thus putting at rest many constitutional questions which might have been raised and thus hampered the administration of the Act for years to come.

It has also been held that the Act does not contravene the Constitution of the United States. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct.. 868, 81 L. Ed. 1245, 109 A.L.R. 1327.

By his last point, appellant contends that he made "substantial, practical and reasonable" compliance with the Act for termination of his coverage in September, 1937. This contention is based on the fact that when appellant suspended business in August, 1937, and sent a report and remittance to the Texas Unemployment Commission covering the month of August, he inserted in the report the following: "Final Monthly Report. Business absorbed by Texas Cab Company. Penalty for employing labor too great."

█ Sec. 8(b) of the Act provides the method of terminating coverage. The provision in part reads: "* * * an employing unit shall cease to be an employer subject to this Act only as of the 1st day of January of any calendar year, if it files with the Commission, prior to the 5th day of January of such year, a written application for termination of coverage, and the Commission finds that there were no twenty (20) different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight (8) or more individuals in employment subject to this Act. * * *"

Thus the Act requires two things as prerequisite for the termination of coverage by an employer subject to the Act, written application by the employer for termination of coverage, and a finding by the Commission of facts which entitle the employer to terminate it. We think the method prescribed is exclusive and that when the status of "employer" once attaches under the Act it continues until terminated in the manner provided. There was an obviously sound reason for including such a provision in the Act. For without it, the Commission would find it most difficult to keep proper record of employers subject to unemployment contributions. And a construction of the provision which would permit termination of coverage by one appearing on the records of the Commission as an employer subject to the Act in some other manner of "substantial compliance" could only lead to difficulty and confusion in the administration of the Act.

█ Clearly appellant did not apply for termination of his coverage. And since his status upon the records of the Commission was that of an employer subject to the Act for the year 1937, such status continued throughout the period involved in this suit.

The judgment of the trial court is affirmed.