## SHARFSTEIN v. TEXAS EMPLOYMENT COMMISSION.

### No. 10006.

Court of Civil Appeals of Texas.
Austin.

Jan. 9, 1952.

Rehearing Denied Jan. 23, 1952.

Corenbleth, Thuss & Jaffe, by Harold C. Abramson, Dallas, for appellant.

Price Daniel, Atty. Gen., Charles P. Atkinson, Asst. Atty. Gen., C. H. Messer, Austin, for Texas Employment Commission.

ARCHER, Chief Justice.

This is a suit brought by Mrs. Anne Glick Sharfstein, a widow, doing business as Glick's Beauty Parlor, at 1805 Commerce Street, Dallas, Texas, for the purpose of securing a refund of certain overpayments of taxes and penalties under the Texas Unemployment Compensation Act.

The case was tried before the court without a jury, and judgment was in favor of the defendant, and that the plaintiff take nothing.

This appeal is predicated on four assignments of error:

*Point One.* The provisions of Article 5221b, Texas Civil Statutes, imposed no obligation on Mrs. Anne Glick Sharfstein, as independent executrix of the estate of Mrs. Libbie Scher, deceased, to file a joint application for transfer of compensation experience with the Texas Employment Commission.

*Point Two.* Alternatively, any provision of Article 5221b, Texas Civil Statutes, imposing upon Mrs. Anne Glick Sharfstein, independent executrix of the estate of Mrs. Libbie Scher, deceased, the obligation of filing application for transfer of compensation experience was complied with in fact and in law.

*Point Three.* Alternatively, any provision of Article 5221b, Texas Civil Statutes,

imposing upon Mrs. Anne Glick Sharfstein, independent executrix of the estate of Mrs. Libbie Scher, the obligation of filing a joint application for transfer of compensation experience, is contrary to the constitution of the State of Texas.

*Point Four.* Mrs. Anne Glick Sharfstein, individually, acquired the organization, trade, or business, or substantially all assets of the business known as Glick's Beauty Parlor on January 1, 1950, and her application for transfer of compensation experience, having been filed within 180 days of acquisition, entitled her to succeed to the experience rating of Mrs. Libbie Scher, doing business as Glick's Beauty Parlor.

The appellant herein is the owner and operator of the business known as Glick's Beauty Parlor in Dallas, Texas, which business was previously owned by a Mrs. Libbie Scher. Mrs. Scher was a subject employer under the Texas Unemployment Compensation Act and paid contributions at the rate of 0.5% until July 22, 1949, when she died. Mrs. Scher died testate, and in her will appointed appellant as independent executrix of her estate; appellant qualified and was appointed on August 22, 1949. Appellant, Mrs. Sharfstein, acted as independent executrix and performed the duties provided for by the will and by law, having full charge of the estate, collecting all assets, and paying the debts, while also continuing the operation of Glick's Beauty Parlor up through December 31, 1949. The estate was closed and the property turned over to the devisees and legatees as of January 1, 1950.

The case was submitted on stipulation of facts, but are too long, to insert herein, and we will summarize them briefly.

The plaintiff is the owner and operator of the Beauty Parlor and brings the suit by virtue of Section 12(j) (2) of Article 5221b, Vernon's Ann.Civ.St.; that Mrs. Scher, who died testate July 22, 1949, and her will bequeathing the Beauty Parlor to plaintiff was admitted to probate on August 12, 1949, and Mrs. Sharfstein qualified as independent executrix and operated the business and paid the compensation tax. She made quarterly reports to the Commission under the name Mrs. Libbie Scher d/b/a Glick's Beauty Parlor, signing the first as *Manager,* the second as *Administrator,* and the third as *Executrix.*

A report was made for the quarter ending March 31, 1950, by Mrs. Anne Glick Sharfstein, d/b/a Glick's Beauty Parlor and was signed as owner. Other similar reports were made for the quarter ending June 30, 1950 and October 30, 1950, with payments based on a rate of 2.7%, the Commission having claimed that the former rate of 0.1% was not the correct one and contributions at the rate of 2.7% were demanded which were paid under protest by the plaintiff, and this suit was instituted to recover the sums paid in excess of 0.1% as contribution tax by virtue of Section 12(j) (2) of Article 5221b, V.A.C.S.

The principal issue to be decided in this appeal is one determining if an application for transfer of the compensation rate experience must be filed within 180 days in order to get the existing experience rate transferred to one acquiring the business, or if no such application was filed within 180 days, can the Commission grant a continuation of such former rate experience to the purchaser of the business.

Mrs. Sharfstein, on March 27, 1950, filed a report for herself as owner, and other similar reports were made on July 26, 1950 and October 30, 1950, and other than the title following the signature, none of the reports gave any information that there had been a change in ownership.

On May 10, 1950, a joint application for transfer of compensation experience of Mrs. Libbie Scher, d/b/a Glick's Beauty Parlor, to her estate and was signed by Mrs. Sharfstein as independent executrix, reciting that the estate was successor to the business, having become so on the 22nd day of July, 1949. This application was denied by the Commission by letter dated May 23, 1950, as follows:

"The Joint Application for Transfer of Compensation Experience filed by you has been denied, because it was not received within one hundred eighty (180) days following the date of acquisition. In this

connection your attention is respectfully directed to condition (i) of Section 7(c) (7), a copy of which is enclosed. Your tax rate for the year 1949 is 2.7%."

On May 10, 1950, Mrs. Sharfstein individually and as independent executrix filed with the Commission an application for the transfer to her as an individual 'the compensation experience of Mrs. Anne Glick Sharfstein, Independent Executrix of the estate of Mrs. Libbie Scher. This application was approved.

The plaintiff paid for the first quarter of 1950 on the 0.1% basis, that being Mrs. Scher's rating; subsequently the Commission billed plaintiff for an additional sum based on a rate of 2.7% and other quarterly payments were made on the 2.7% rating, appellant at all times contending that she was entitled to a rate of 0.1%, and application was made for refund which was denied.

The appellee has assigned six counter points to the effect that, if under the provisions of Article 5221b, V.A.C.S., no application for transfer of compensation experience was filed that appellee was without authority to grant any continuation of such experience; that appellant as legal representative of Mrs. Scher did become an employer on August 12, 1949, under the terms of the article and alternatively, if Mrs. Sharfstein as legal representative, did not become an employer under the terms of the article on August 12, 1949, then, as an individual she had become an employer on July 22, 1949; and that the provisions of the article are not contrary to the Constitution; that Mrs. Sharfstein's legal representative did not file an application for transfer of compensation experience within 180 days after the date of acquisition and the Commission had no power to grant such continuation unless such application was filed; and that Mrs. Sharfstein, individually did not file an application for transfer of such experience within 180 days after the date of acquisition and the Commission had no power to grant a continuation of compensation experience unless such application was filed.

Subsection 7 of Section 5, Article 5221b, V.A.C.S. states: "If, subsequent to the thirtieth day of June, 1949, an employing unit becomes an employer under the terms of subsection 19(f) (2) of this Act, or acquires a part of the organization, trade or business of an employer, such acquiring successor employing unit and such predecessor employer may jointly make written application to the Commission for that compensation experience of such predecessor employer which is attributable to the organization, trade or business or the part thereof acquired to be treated as compensation experience of such successor employing unit. The Commission shall approve such application if it finds that (i) the joint application was received by the Commission within one hundred eighty (180) days following the date of the acquisition; * * * *."

We believe that Mrs. Sharfstein acquired the Beauty Parlor and business on July 22, 1949, the day of the death of the then owner, Mrs. Scher, under the terms of her will, and that in order to succeed to the good experience rating of Mrs. Scher, Mrs. Sharfstein must resort to the provisions of Subsection 5(c) (7), in order to succeed to or attain an experience rating of Mrs. Scher, and only in this way can an employing unit succeed to a good experience rating of its predecessor, and since no application was timely filed, the Commission could only deny the application. White v. State, Tex.Civ.App., 197 S. W.2d 389 (writ refused N. R. E.).

Article 3314, V.A.C.S. "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; and all the estate of such person, not devised or bequeathed, shall vest immediately in his heirs at law; subject however, to the payment of the debts of the testator or intestate, except such as may be exempted by law; and, whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, but with the exceptions aforesaid shall still be liable and subject in their hands to the payment of the debts of the intestate; but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right

548

to the possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law." Presbyterian Church in United States v. Sheppard, State Comptroller, Tex. Civ.App., 198 S.W.2d 282, (writ refused N. R. E.).

 We do not believe that the provisions of Article 5221b, V.A.C.S. are contrary to the Constitution. Friedman v. American Surety Company of New York, 137 Tex. 149, 151 S.W.2d 570; State v. The Praetorians, 143 Tex. 565, 186 S.W.2d 973, 158 A.L.R. 596 (Com.App.).

Since we have held that in order for an employing unit to make application within 180 days to the Commission in order to succeed to the good experience rate of a predecessor and since the applications filed on May 10, 1950, were not within 180 days from the date of death of Mrs. Scher on July 22, 1949, or August 12, 1949, the date the will was admitted to probate, we do not believe that the appellant has reasonably complied with the requirements of Subsection 5(c) (7) of Article 5221b, V.A.C.S.

The only claimed compliance with the Section is that the quarterly reports were signed in the first report as manager, the second as administrator and the third as executrix. In these three reports there are certain itemized questions which the maker of the reports is asked to answer, if applicable, concerning the operation of the business, or any change or changes. These questions are not answered, and do not amount to anything more than what they purport to be, and that is, they are quarterly reports.

These reports do not constitute applications as are contemplated by the provisions of the Article.

The applications made in May 1950 are the only ones in the record that are in compliance with the Article.

The necessity of complying with statutory requirements contained in Article 5221b V.A.C.S. is pointed out in Harris v. State, Tex.Civ.App., 159 S.W.2d 172. In

that particular case the court was dealing with the statutory requirements necessary for the termination of tax liability. The Court, on page 173 of 159 S.W.2d stated: "Thus the Act requires two things as prerequisite for the termination of coverage by an employer subject to the Act, written application by the employer for termination of coverage, and a finding by the Commission of facts which entitle the employer to terminate it. We think the method prescribed is exclusive and that when the status of 'employer' once attaches under the Act it continues until terminated in the manner provided. * * *"

The assignments of error are overruled. The judgment of the trial court is affirmed.