Leo H. Bohling, Plaintiff, *v.* Edward Corsi, as Industrial Commissioner, et al., Defendants.

Supreme Court, Special Term, Oneida County, August 12, 1953.

*Merwin K. Hart, Jr.,* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Francis R. Curran* of counsel), for defendants.

RINGROSE, J. The plaintiff in this action seeks a judgment declaring unconstitutional the provisions of the Unemployment Insurance Law (Labor Law, § 562) relating to the termination of the liability of an employer for the 2.7% pay roll tax. The legal conclusions alleged in the complaint are denied in the answer, and judgment declaring the challenged provisions constitutional, is sought by the defendants. Both parties move for judgment on the pleadings.

The undisputed facts are: The plaintiff, a building contractor in the city of Utica, New York, employed four persons from April, 1947, to January, 1951. Sometime in the first quarter of the calendar year 1951, the number of the plaintiff's employees was reduced to less than four and he has employed less than four persons at all times since.

As the employer of four or more persons, the plaintiff was liable under the Unemployment Insurance Law (Labor Law, art. 18) for the 2.7% pay roll tax and remains liable even though the number of his employees is less than four, until such time as he is released from liability by the Commissioner of Labor. The plaintiff has and is being assessed a pay roll tax at the specified rate, which will continue for a year or more after the date he ceased to employ four or more persons, and he is prohibited by the statute from denying his liability under said Labor Law, or terminating said tax liability, until he has paid a pay roll tax at the aforesaid rate for a period of at least one year after he ceased to employ four persons.

It appears from the complaint to be the contention of the plaintiff that the statute is discriminatory and therefore unconstitutional, in that it prescribes an arbitrary and unreasonable formula for determining the tax liability or nonliability as between employers employing three and those employing more than three persons, following a change in the status of an employer by the reduction of the number of his employees to less than four. Thus the issue is limited to the legality of the continuing liability for the tax following a change in status by a reduction in the number of employees. It is assumed in the absence of an allegation to the contrary that plaintiff never filed a written application with the commissioner to be released from liability pursuant to section 562 of the Labor Law.

The pertinent provisions of the Unemployment Insurance Law (Labor Law, §§ 560, 562) on this issue, are as follows: " § 560. *Terms of coverage* 1. Liability. Any employer shall become liable for contributions under this article if he employs in all of his several places of employment in the state four or more persons in employment on fifteen or more days in any calendar year, except that persons employed in personal or domestic service in private homes shall be considered separately and that an employer shall become liable for contributions with respect to them only if he employs in such service four or more persons within the period and under the conditions above provided. Such liability for contributions shall commence on the first of such fifteen days of employment. An employer who,

by operation of law, becomes successor to an employer liable for contributions shall become liable for contributions on the day of his succession. This provision shall not affect such successor's liability as otherwise prescribed by law for unpaid contributions due from his predecessor." " § 562. *Termination of coverage* 1. Required coverage. Any employer who has once become liable for contributions under this article shall cease to be liable under the following conditions: a. If he files a written application with the commissioner during the fourth calendar quarter, he may be released from coverage as of the first day of the next calendar quarter provided the commissioner finds that the employer has not employed four or more persons in employment within each of fifteen or more days in the completed calendar year in which the application is filed. b. If he files a written application with the commissioner in any other calendar quarter of the year he may be released from coverage as of the first day of the calendar quarter following the filing of the application provided the commissioner finds the employer has, before such day, in neither the calendar year in which the application is filed nor in the preceding calendar year, employed four or more persons in employment within each of fifteen or more days."

Section 562 as originally enacted was contained in subdivision 3 of section 502 of the Labor Law, and read as follows: " ' Employer ' means any person, partnership, firm, association, public or private, domestic or foreign corporation, the legal representatives of a deceased person, or the receiver, trustee or successor of a person, partnership, firm, association, public or private, domestic or foreign corporation (excluding the state of New York, municipal corporations and other governmental subdivisions), who or whose agent or predecessor in interest has employed at least four persons in any employment subject to this article within each of thirteen or more calendar weeks in the year nineteen hundred thirty-five or any subsequent calendar year; * * * shall make a newly-subject employer subject for all purposes as of January first of the calendar year in which such employment occurs." It was also therein provided: " Any employer subject to this article shall cease to be subject hereto only upon a written application by him and after a finding by the commissioner that he has not within any calendar week within the last completed calendar year employed four or more persons in employment subject thereto. Any employer (of any person within the state) not otherwise subject to this article shall become fully subject

hereto, upon filing by such employer with the commissioner of his election to become fully subject hereto for not less than two calendar years, subject to written approval of such election by the commissioner.''

It is the contention of the defendant that subdivision 1 of section 562 of the Labor Law was designed to avoid inequitable treatment of employees entitled to benefits, which resulted from the procedure by which an employer's liability for the tax was terminated, and also to facilitate the administration of the law.

Under the present law (Labor Law, § 527, L. 1951, ch. 645, eff. June 4, 1951) an applicant for unemployment insurance must have had at least twenty weeks of employment in the fifty-two week period preceding the filing of his claim, and must have earned an average wage of at least $15 per week in at least twenty weeks of employment in such fifty-two week period. Prior to that time a claimant was required to have earned a certain amount of wages in covered employment during his '' base year '', which was the calendar year immediately preceding the beginning of a benefit year (L. 1944, ch. 705). '' Benefit year '' was defined as the period from the first Monday falling in the month of June in each calendar year to and including Sunday which follows the last Monday falling in the month of May in the next calendar year (Labor Law, §§ 520, 521, 590, L. 1944, ch. 705).

The reason for the enactment of present subdivision 1 of section 562, and its predecessor, is thus self-evident. It avoids the situation of an employee being in covered employment for a portion of a '' base year '' and not for the entire year, which might reasonably occur where an employer subject to the tax reduces the number of his employees to less than four during the year and could terminate his liability at the end of that year instead of at the close of the next calendar year as provided under the present section. As suggested in the brief of the Attorney-General, without the provisions of subdivision 1 of section 562, '' an employer who became subject to the law on July 1, 1952, by reason of having employed four or more persons within each of fifteen or more days commencing on that date, would be subject to the tax for the remainder of the year 1952, but if he did not employ four or more persons commencing on January 1, 1953, his employees might not be covered under the statute for several months during that year, until such time as the employer again employed four or more persons for the required period of time.''

The foregoing illustration appears more visionary than real in view of the present minimum wage requirement necessary to qualify for unemployment insurance benefits (Labor Law, § 527, L. 1951, ch. 645), although the amount thereof might be less except for the amendment.

The question posed is whether the law provides a reasonable and rational basis of classification of employers subject to the tax where an employer ceases to employ four or more persons. This court will be guided by the rule that " Courts of first instance should not exercise transcendent power of declaring an act of the Legislature unconstitutional except in rare cases involving life and liberty, and where invalidity of the act is apparent on its face.'' (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1953 cum. supp.], § 150, and authorities cited.)

The plaintiff concedes that the constitutionality of the Unemployment Insurance Law has been conclusively established as a reasonable exercise of the police power for the public welfare. (*W. H. H. Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, affd. 229 U. S. 515.)

The plaintiff maintains that the provision of the statute in question is, on its face, so arbitrary, unreasonable and oppressive that it denies to the plaintiff the equal protection of the law. The plaintiff relies upon the case of *Gulf, Colorado, & Santa Fe Ry. Co.* v. *Ellis* (165 U. S. 150) as authority in support of his contention that the method of classification provided in the statute is discriminatory in operation and therefore unconstitutional. The rationale of that decision on the question of classification was summarized by the court as follows: (p. 155) " That [classification] must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made arbitrarily * * *.''

The validity of a classification which imposes liability upon an employer of persons in excess of a designated number for a specified period, has been conclusively established. (*W. H. H. Chamberlin, Inc.,* v. *Andrews,* 271 N. Y. 1, affd. 299 U. S. 515, *supra; Carmichael* v. *Southern Coal Co.,* 301 U. S. 495.)

The section is not discriminatory on its face as it applies to all employers in a designated class. In *Carmichael* v. *Southern Coal Co.* (*supra,* p. 511), the court said: " Administrative convenience and expense in the collection or measurement of the tax are alone a sufficient justification for the difference between the treatment of small incomes or small taxpayers and that meted out to others.''

The statute meets the test of legality which was defined in *Lindsley* v. *Natural Carbonic Gas Co.* (220 U. S. 61, pp. 78–79): " 1. The equal protection clause of the Fourteenth Amendment does not take from the State the power to classify in the adoption of the police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis, and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary."

The final question to be considered relates to the continuance of the tax for the calendar year following that in which the number of persons employed is reduced to less than four.

Although the courts of this State have not passed upon this provision of the law, or at least no case has been called to my attention and my own research has produced none, similar provisions in the statutes of other States have been held constitutional. (*Unemployment Compensation Comm.* v. *Androscoggin Junior,* 137 Me. 154; *State of Kansas* v. *Sosna,* 156 Kan. 722; *Webb* v. *State of Texas,* 156 S. W. 2d 557 [Tex.]; *Murphy* v. *Hurlbut Undertaking & Embalming Co.,* 346 Mo. 405.)

In *Webb* v. *State of Texas* (*supra*), an action was brought to recover unemployment compensation contributions due for the year 1938. It was found that the employer became subject to the law in 1937, and paid the contributions for that year, and that he had filed no application for termination of coverage until March, 1940. The employer contended that he ceased to be an employer under the law and was not liable for contributions for the year 1938, as he employed less than eight persons, which the statute designated as the classification subject to tax. He contended that continuation of liability was unconstitutional. The Supreme Court of Texas sustained the constitutionality of the provision and held that the provision for terminating coverage of an employing unit not employing eight or more individuals on any of twenty different days in different weeks during the calendar year preceding the employer's application for

termination was not unconstitutional as making unreasonable and arbitrary classifications and exceptions.

Subdivision (b) of section 8 of the statute of the State of Maine provides: " (b) Except as otherwise provided in subsection (c) of this section, an employing unit shall cease to be an employer subject to this act only as of the first day of January of any calendar year, only if it files with the commission, prior to the 20th day of January of such year, a written application for termination of coverage, and the commission finds that there were no 20 different days, each day being in a different week within the preceding calendar year, within which such employing unit employed 8 or more individuals in employment subject to this act. For the purpose of this subsection, the two or more employing units mentioned in paragraph (2) or (3) or (4) of section 19(f) (1944 Rev. Stat. v. 1, p. 522.) shall be treated as a single employing unit."

The employer in the case of *Unemployment Compensation Comm.* v. *Androscoggin Junior* (*supra*) became subject to the law in 1937, but during 1938, did not employ eight or more individuals. Liability for contributions for the year 1938, was denied by the employer and it contended that the requirement that a written application for termination of coverage be filed, was unconstitutional. In sustaining the constitutionality of the law, the court said: (pp. 159–160) " The 1937 contribution, however, was paid. What is sought here from the company is payment for 1938, during which year it was not an employer under the rule of eight. For 1938 it can be held to contribute only if by operation of the law it was then an employer. The plaintiff says it was, because of section 8 (b), which provides a right for the company before a certain date to file a written application for termination of coverage, which it failed to do. Failure so to do continued its status as an employer under the Act for 1938, although that year it did not actually employ the required eight either alone or jointly with Mr. Healy in his operation of the senior camp. This carry-over provision of said section 8 (b) we consider reasonable and proper. It is somewhat analogous to the statutory duty placed upon inhabitants to make and bring in true and perfect lists of their taxable estates else be barred from making application to the assessors or county commissioners for abatement of taxes. Section 70, Chap. 13, R. S. 1930, as amended [by Pub. Laws 1933, c. 180.] Considering the beneficial effect of this carry-over provision in simplifying and lessening the work of the commission without unduly burdening

the employer and at the same time giving it full protection, we hold that the statute is reasonable and unobjectionable."

The Kansas statute contains a similar provision. *State of Kansas* v. *Sosna* (*supra*) was an action for the collection of contributions from an employer for the years 1938, 1939 and 1940. The employer became subject to the law in 1938. He did not have the requisite number of employees to impose liability for the years 1939 to 1940. On April 18, 1941, he filed an application for termination of coverage which was approved on June 11, 1941. The employer admitted his liability for contributions for 1938, and contended that the provisions of the statute requiring the filing of an application to avoid liability for 1939, and 1940 were unconstitutional. The Supreme Court of Kansas held that the original statute was reasonable and not unduly burdensome to the employer, and held that the statute was not unconstitutional.

Lastly, I am of the opinion that the constitutionality of the statute assailed by the plaintiff may be sustained on the ground of administrative convenience and necessity alone. The requirement that a written application must be made before an employer is released from liability, and a finding that he had not employed four or more persons during the calendar year preceding the application, is a reasonable requirement and conducive to the efficient administration of the law. It is conceivable that without this provision of the law many applications for unemployment insurance would have to await an investigation as to the qualification of the applicant. This would be an unwarranted hardship in view of the distress and immediate need which the law was designed to alleviate as appears from the statement of the public policy of the State as set forth in section 501 of the Labor Law. The provisions of the law apply to all employers within the specified class and do not impose an onerous burden on the privilege of employment. Moreover, the ultimate cost generally is borne by the consumer which includes those for whose benefit the law was enacted.

The defendants' motion for judgment on the pleadings, therefore, is granted, and the motion of the plaintiff denied.

Judgment accordingly.