STATE OF TEXAS ET AL V. JOSEPH COHEN.

No. A-7262. Decided October 7, 1959.
(329 S.W. 2d Series 87)

*Will Wilson,* Attorney General, *Sam Lane,* Assistant Attorney General, for petitioners.

*David C. McCord,* of Dallas, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

The Texas Unemployment Compensation Act, specifically Article 5221b-6(c), Vernon's Texas Stats., provides that:

"(1) Except as provided in paragraph (2) immediately below, no employing unit shall cease to be an employer subject to this Act except as of the first day of January of any calendar year, and only then if it files with the Commission, within the period from January 1 through March 31 of such year, a written application for termination of coverage, and the Commission finds that there were no twenty (20) different days within the preceding calendar year, each day being in a different calendar week, during each of which days such employing unit employed four (4) or more individuals in employment subject to this Act.

"(2) Regardless of whether or not an application for termination of coverage has been filed, an employing unit shall cease to be an employer subject to this Act as of the first day of January of any year after December 31, 1955, if the employing unit has not had any individuals in employment on any one or more days within the three immediately preceding consecutive calendar years and the Commission so finds."[1]

The respondent Cohen was an employer subject to the Act in 1945. He was adjudicated a bankrupt in 1946 and his business activities thereupon terminated. However, on or about January 1, 1954, he again engaged in business, but from such date until January 1, 1957, he never employed as many as four individuals. On the date last mentioned, he made an application for termination of unemployment coverage and his account was closed.[2]

It is undisputed that the records of the Commission show the facts above set forth and upon this basis the Court of Civil Appeals held that Cohen after 1946 was not subject to the provisions of the Act. That Court's opinion proceeds upon the theory that the cessation of business removed Cohen from the operations of the Act and that as he never employed as many as four individuals after his re-entry into the business world, he did not again become subject to the Act under the statutory definition of an employer contained in Article 5221b-17. Cohen v. State of Texas, 322 S.W. 2d 47.

1.—No contention is advanced that respondent was excused from making contributions under the Act because of the exception contained in Article 5221b-6(c) (2).

2.—Additional facts as well as the adoption and history of various amendments to the Texas Unemployment Insurance Act are set out in the opinion of the Court of Civil Appeals. 159 S.W. 2d 172. These are omitted here because they are not deemed essential to an explanation of our holding in the case.

The fact that the records of the Commission show that one who had qualified as an employer under the Act had thereafter no employees or less than four employees for a substantial period of time does not terminate the employer's coverage by the Act nor his liabilities thereunder, nor does bankruptcy and notice thereof accomplish this result. This is true even though it might conclusively appear from the Commission's records that one's financial interest would be better served by his ceasing to be an employer under the Act. This, for the reason that the exclusive method for termination of liability of an employer subject to the Act, is that prescribed by the Act itself in the section hereinabove set forth. Harris v. State, Texas Civ. App., 159 S.W. 2d 172, no writ history.

Witherspoon Oil Co. v. State, Texas Civ. App., 156 S.W. 2d 579, wr. ref. w.o.m., is distinguishable from the present case upon the facts. Undoubtedly the requirement of Article 5221b-6 (c) that a written application be made for termination of coverage under the Act was intended to aid the Commission in administering the Unemployment Compensation Law. 156 S.W. 2d 58. In *Witherspoon*, the Commission, from an inspection of its records, determined that an employer had less than a specified number of employees within a designated period of time and consequently could be excused from making contributions under the Act. The Commission then notified the employer that coverage under the Act had terminated. The employer *accepted* this action on the part of the Commission. This acceptance was an important factor for it then appeared that the purposes of the notice had been fulfilled. All parties knew and understood that coverage under the Act had terminated, and this result was acceded to by the employer.

2    In the present case, the Commission did not on its own motion notify the employer that he might be excused from compliance with the Act. The law does not make it incumbent on the Commission, *sua sponte*, to investigate its records and notify employers whether or not they may be exempted from its operations. On the contrary, it is the duty of an employer to make application to the Commission in order that his status in connection with the Act may be determined. Cohen did not make such application until January 1, 1957, and consequently he remained liable for the contributions prescribed by the Act, Article 5221b-5, until such application was acted upon.

It should perhaps be pointed out that in numerous cases it may be the financial interest of an employer to remain within

the coverage of the Act, although he could withdraw therefrom by reason of the small number of individuals employed by him. This is because of the experience-rating provisions of the Act, Article 5221b(c). Cf. Sharfstein v. Texas Employment Commission, 245 S.W. 2d 545, wr. ref. n.r.e. The decision as to whether to remain within the coverage of the Act or withdraw therefrom might rest upon the future business intentions of the employer, such as contemplated plans for expansion and the like. These elements or factors are not disclosed by the records of the Commission. Consequently, the decision to make an application for termination or to accept an order of termination rests with the employer. It could be an important business option, and the Act contemplates that it should be exercised by the employer and not the Commission.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered October 7, 1959.