**SPACE PRECISION MACHINING CO.,**
Appellant,

v.

**The STATE of Texas et al., Appellees.**

**No. 12095.**

Court of Civil Appeals of Texas, Austin.

Dec. 19, 1973.

Robert R. Bradshaw, Coffee, Goldston & Bradshaw, Austin, for appellant.

John L. Hill, Atty. Gen., Rick Harrison, Larry F. York, James H. Broadhurst, Asst. Attys. Gen., Austin, for appellees.

O'QUINN, Justice.

The State of Texas, acting through the Attorney General and in behalf of the Texas Employment Commission, brought this lawsuit in December of 1972 against Space Precision Machining Company alleging defendant was indebted to the State for delinquent contributions and penalties in the amount of $4,499.51 under the Texas Unemployment Compensation Act, Articles 5221b–1 et seq., Vernon's Anno. Tex.Civ. Sts.

Space Precision answered alleging the amount sued for was erroneously calculated and that the correct sum due the State was $159.17.

In seeking to collect the past-due contributions, the State applied a rate of 2.7 percent of the taxable wages paid by Space Precision from 1969 to 1971. The company insisted at the trial and contends on appeal that the proper rate for computation of the taxes is .1 percent of the wages paid.

Upon trial before the court without intervention of a jury, the court entered judgment in May of 1973 for the State, after which Space Precision perfected its appeal. We will affirm judgment of the trial court.

The essential facts of this case were stipulated by the parties at the time of trial. Space Precision was engaged in business in Texas from January 1, 1967, through June 30, 1971, and was an employer as defined in Article 5221b–17(f), V.A.

T.S. As an employer, Space Precision became liable for payment of contributions provided for in Article 5221b–5, V.A.T.S.

The rate of contributions is fixed under the terms of Article 5221b–5(b):

"(b) Rate of contributions: Each employer shall pay contributions equal to two and seven-tenths percentum (2⁷⁄₁₀%) of wages paid by him with respect to employment, except as provided in subsection (c) of this Section."

The company paid no contributions due for the calendar quarters prior to the second quarter of 1971, although it was an employer subject to payment of contributions from the beginning of its operation January 1, 1967. The State has conceded that collection of contributions due on or before the first quarter of 1969 are barred by limitations and were not included in this suit for collection of unpaid contributions.

The State contends that Space Precision was required by Article 5221b–5(b), set out above, to pay unemployment taxes at the rate of 2.7 percent of wages paid, unless and until the company could bring itself under provisions of subsection (c) referred to in subsection (b). Subsection (c)(1) provides:

"(1) Each employer's contribution rate *shall be two and seven-tenths percentum (2⁷⁄₁₀%) until his account has been chargeable throughout each calendar month of the four (4) consecutive calendar quarters immediately preceding the date as of which such employer's rate is determined.* For each year commencing after December 31, 1968, the contribution rate of each employer who has had at least four (4) such calendar quarters of compensation experience *shall be determined as provided below.*" (Emphasis added)

The initial rate of 2.7 percent applies until the employer has had at least four calendar quarters of compensation experience. Space Precision did not set up an account with the Texas Employment Commission by making compensation payments until the second quarter of 1971. Failure of the

company to make such payments did not come to the attention of the Commission until April of 1970, when one of the company's employees filed a claim, which was denied by the Commission because its records did not disclose that Space Precision was an employer subject to the Texas Employment Act. Further investigation led to determination by the Commission that Space Precision was subject to the Act but had not been paying unemployment taxes due the State.

■ To be entitled to a rate different from the initial rate of 2.7 percent, the employer must establish an account with the Commission that will be *chargeable* for unemployment payments, and the account must have been chargeable for four consecutive calendar quarters immediately preceding the date as of which the revised or different rate is determined. We find it clear from the record that Space Precision did not meet these requirements until October 1, 1971, after which the company's tax rate was reduced by the Commission to .1 percent to take effect in 1972.

■ Space Precision contends on appeal that imposition of a rate of 2.7 percent under the facts of this case is tantamount to a penalty in the amount that rate exceeds a rate of .1 percent. Under provisions of the Act itself, the answer to this contention is that when Space Precision failed to meet the plain requirements of the statute, the Commission was powerless to arrive at a different rate for the company except in the manner provided by law. To do otherwise would extend to Space Precision an exception not found in the statute. The years Space Precision remained outside the Act may not be counted as "compensation experience" within the terms of the statute for purposes of determining a rate different from the initial rate of 2.7 percent.

■ In ascertaining whether Space Precision should be accorded an exemption under terms of the Act, we must follow the rule that exemptions from taxation are not favored and that in interpretation of the law extending exemption all doubts are resolved in favor of the taxing authority and against the exemption. The burden is on the taxpayer claiming the exemption to show himself clearly within the exemption. Morris v. Masons, 68 Tex. 703 (1887); Texas Employers' Insurance Association v. City of Dallas, 5 S.W.2d 614, 617 (Tex. Civ.App., Dallas 1928, writ ref.); Hedgecroft v. City of Houston, 150 Tex. 654, 244 S.W.2d 632, 636 (1951).

We find nothing in the Act extending an employer an exemption from the initial 2.7 percent rate until the employer has entered the system and thereafter complied with the requirements of Article 5221b–5(c)(1) as prerequisite to a new rate determination based on compensation experience established by the employer after entering the system.

We find no prior decision by Texas courts on this question, but the construction we give the Act is found in decision of courts in other jurisdictions having comparable provisions in the unemployment compensation statutes. In a Missouri case the employer contended that its employment experience in the state prior to the time it started making contributions should be counted as part of the period of "thirty-six consecutive calendar months immediately preceding" the calculation date for a new or revised rate. The court rejected this contention and held that unemployment experience could arise under the statute "only when an employer's account is chargeable with benefits." Until established by the employer and contribution made to the account it was not chargeable under the statute. Anderson Air Activities, Inc. v. Division of Employment Security, 321 S.W.2d 710, 713 (Mo.Sup.1959), citing cases from other jurisdictions. See also 8 Vanderbilt Law Review 376 (1955).

We overrule appellant's points of error, and affirm the judgment of the trial court.

Affirmed.