**TIFFANY STONE & BRICK COMPANY, INC. (Formerly Alamo Tile, Inc.), Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 12838.

Court of Civil Appeals of Texas, Austin.

May 9, 1979.

Rehearing Denied Oct. 31, 1979.

Charles J. Muller, III, Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellant.

John L. Hill, Atty. Gen., Gayle Johnson Cipriano, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

The opinion of this Court filed May 9, 1979, is withdrawn, and this opinion is filed in lieu of the first.

The Texas Employment Commission, acting through the attorney general, brought this suit in April of 1977 against Tiffany Stone & Brick Co., Inc., for collection of employer's contributions claimed due under Article 5221b–5, V.A.C.S., in excess of $20,-000.00 with accrued penalties.

Upon trial to the court without a jury, the court entered judgment in the amount of $20,211.66, from which Tiffany Stone appeals and brings five points of error. After review and disposition of the points of error, we will affirm the judgment of trial court.

In January of 1975 Tiffany Stone & Brick Co., Inc., Tiffany Building Materials Company, and Alamo Tile, Inc., entered into articles of merger and a joint merger plan, the merger to become effective January 31, 1975, with Alamo Tile, Inc., as the surviving corporation, but with change of its name to Tiffany Stone & Brick Co., Inc.

The tax or contribution period here involved begins with the second quarter of 1975 and ends with close of the fourth quarter. At issue between the parties is the tax rate applied by the Commission for 1975.

The trial court filed findings of fact and conclusions of law. Tiffany Stone filed its request for additional or amended findings. The court refused Tiffany Stone's requested findings, but subsequently entered the court's amended findings of fact and conclusions of law.

■ Under its first point of error Tiffany Stone claims error in the court's finding of fact V, by which the court found "That after merger, Tiffany Stone & Brick Co., Inc. and Tiffany Building Materials Co. were no longer employers as defined by the Texas Unemployment Compensation Act." It is true that this finding, under statutory provisions, is inaccurate, and conflicts as well with finding number III under which the trial court found that prior to the merg-er on January 31, 1975 each entity was an employer under Article 5221b–17(f)(1); yet the finding is not fatal to the court's conclusions of law and the judgment.

■ Article 5221b–6(a) provides that "Any employing unit which is or becomes an employer subject to this Act within any calendar year shall be subject to this Act during the whole of such calendar year." The trial court in finding number III accurately stated "That prior to merger, each of the corporations was an employer as defined by the . . . Act, Article 5221b–17(f)(1) . . . ." But under Article 5221b–6(c)(1) "No employing unit shall cease to be an employer subject to this Act except as of the first day of January of any calendar year, and only then if it files with the Commission, within the period from January 1 through March 31 of such year, a written application for termination of coverage . . . ." It is undisputed that such written applications were not filed with the Commission.

■ The Supreme Court has construed " . . . this statutory provision as setting forth an exclusive method whereby an employer subject to the Act may discontinue such status." *State v. Cohen,* 160 Tex. 175, 329 S.W.2d 87 (1959). The same conclusion was reached earlier in *Webb v. State,* 156 S.W.2d 557 (Tex.Civ.App. Beaumont 1941, writ ref'd), and *Harris v. State,* 159 S.W.2d 172 (Tex.Civ.App. Beaumont 1942, no writ). In *Harris* the court stated, "We think the method prescribed is exclusive and that when the status of 'employer' once attaches under the Act it continues until terminated in the manner provided." (159 S.W.2d 173). It is immaterial that other filings with the Commission may suggest or advise that the status of the entity has been changed, and the application for termination remains essential as the only mode by which the Commission may be advised of the change, and termination be achieved. *Cohen,* 329 S.W.2d 89; *Harris,* 159 S.W.2d 173.

■ Article 5221b–5 provides, in pertinent part: "(a) Payment: Contributions

shall accrue and become payable by each employer for each calendar year, or portion thereof, in which he is subject to this Act, *with respect to wages for employment paid during such calendar year,* or portion thereof . . . " (Emphasis added). In this case, after the merger on January 31, 1975, Alamo Tile, Inc., now named Tiffany Stone & Brick Co., Inc., remained as "the only surviving corporation." After that date, only Tiffany Stone paid the wages of employees, and therefore under the statute was the only unit liable for contributions. The only wages paid in 1975 by the predecessor corporations would have been paid in the month of January prior to the merger and in the first quarter of the calendar year.

The pleadings and the judgment for contributions in this suit do not cover the first quarter, but are confined to the last three quarters of 1975. Any issue as to the status of the predecessor entities after the merger, insofar as liability for contributions is concerned, is immaterial and not controlling of results.

Tiffany Stone, under its second point of error, urges that the trial court's amended finding number VIII is not supported by any evidence. Under number VIII the court found "That for the calendar year 1975, the Texas Employment Commission applied the provisions of Article 5221b–6 to Alamo Tile Co. (now Tiffany Stone and Brick Co., Inc.)."

Appellant's point is overruled as being without merit. As already observed, Section 6(a) of the Act plainly makes an employer subject to the Act for the entire calendar year in which the employer comes within the Act, and termination of coverage can be achieved only as prescribed by Section 6(c)(1). We agree with argument of the attorney general that "It is undisputed that Alamo Tile Company, subsequently renamed Tiffany Stone and Brick Company, Inc., Appellant herein, was an employer subject to the Act prior to the . . . merger and continued to be an employer throughout the quarters of liability involved in this litigation . . . [and] no

issue has been raised as to whether Appellant filed an application for termination of its employer status pursuant to section 6(c)(1)."

Tiffany Stone complains under its third point of error that the trial court erred in refusing a requested finding of fact as to existence of a waiver under provisions of Section 5(c)(7) of the Act. In conjunction with this request appellant requested a finding that joint applications by the three units had been prepared and submitted through error induced by misrepresentations as to waiver of experience rating.

The trial court refused both requests and filed its amended findings as follow:

VI: "That a Joint Application for Total Transfer of Compensation Experience dated May 9, 1975 was submitted to the Texas Employment Commission for both Tiffany Stone & Brick Co., Inc. and Tiffany Building Materials Co., requesting transfer of the experience rating of these two companies to Alamo Tile Co."

VII: "That after submission of the Joint Application for Total Transfer of Compensation Experience, the Texas Employment Commission applied the transfer provisions of Article 5221b–5(c)(7), V.A.T.S."

■ Tiffany Stone complains only of taxes assessed for the calendar year 1975. The taxes for 1975 were based upon computations of experience as of October 1 of the previous year, and taxes in 1975 were entirely outside the scope of Section 5(c)(7) under which transfers of experience may be effected.

This section also provides that "If the application for transfer of experience is approved and the successor employing unit was an employer immediately prior to the acquisition, such successor shall pay contributions from the date of the acquisition until the end of the calendar year in which the acquisition occurred at the rate applicable to the successor on the date of acquisition." The statutory law was construed by this Court in 1965, and we consider that decision controlling under the facts of the present case. *Armco Steel Corporation v.*

E DUE
ROOM NO. CHGD. BY
HOR WRITE FIRMLY
7
8
r
-E
]
{
{
.
- NO.
COPY NO.
/OL. NO. ED. YEAR
STUDENT ☐ OFFICER ☐ STAFF ☐
IOT WRITE IN THIS SPACE
IATURE
TODAY'S DATE
RESS PLEASE PRINT
TEL.

HARVARD LAW SCHOOL
LIBRARY

0 (Tex.Civ.App. Austin 1952, writ ref'd n. e.).

Tiffany Stone employed the only means available to obtain a new tax rate, as to which no issue is raised challenging the computation, and now is estopped to question the waiver of its rights to an experience rating based on its experience for all periods prior to the merger date. The joint applications, with waiver provisions twice stated in the one-page instruments, were introduced and are a part of the record on appeal. The statute, as pointed out earlier, is explicit in holding the successor employing unit to rates existing for the successor on the date of merger to the end of the calendar year in which merger occurs.

Tiffany Stone complains that the trial court "erred in limiting cross examination of the State's expert witness." Counsel for Tiffany Stone, in cross examination of the supervising accounts examiner in charge of the collection section of the Commission, asked the witness:

"I think we've established through your testimony that the mere existence of legal entity, corporate structure is not to determine the fact of the existence of tax under this statute? Would you agree with that?"

To which the witness replied, "I don't know. I don't know what you said, exactly."

Counsel for the Commission interposed objection on the ground that the question was one " . . . calling for a legal conclusion by the witness."

The trial court sustained the objection, and the witness was not permitted to make further reply to the question propounded.

It is elementary that a witness, acting within his province, may testify to facts within his knowledge relative to the issue being tried, but may not testify to a legal conclusion from facts given either by himself or other witnesses. *Texas Reciprocal Ins. Assn. v. Stadler*, 140 Tex. 96, 166 S.W.2d 121, 125 (1942).

appeal in these words. . . . the State has already applied the combined experience ratings for the succeeding calendar year—1976—for this Appellant, and no issue is here argued with respect to that computation. The issue here is: how does this merger, which occurred on January 31, 1975, affect the computation of tax for the balance of the calendar year 1975."

We conclude that the answer to appellant's question is found in two earlier decisions of this Court holding that it is only through Section 5(c)(7) that a changed or reorganized employing unit may succeed to the experience rating of another or predecessor unit. *White v. State*, 197 S.W.2d 389, 392 (Tex.Civ.App. Austin 1946, writ ref'd n. r. e.); *Raymond Pearson Motor Co. v. Texas Employment Commission*, 247 S.W.2d 429,

The trial court properly refused to permit the witness to testify as to his legal conclusion. "It is the duty of the court to declare the law applicable to . . . [the] facts." *Stadler,* 166 S.W.2d 125.

We have examined the record with care in the light of errors claimed by appellant and conclude that the judgment of the trial court should be affirmed.

Judgment of the trial court is in all things affirmed.

Affirmed.