

# THE ATTORNEY GENERAL
## OF TEXAS

January 14, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss  
Chairman  
Labor and Employment Committee  
Texas House of Representatives  
P. O. Box 2910  
Austin, Texas 78769

Opinion No. JM-620

Re: Authority of the Texas Employment Commission to find that a corporate reorganization was invalid for the purpose of securing a new tax classification

Dear Representative Criss:

You ask us two questions regarding the authority of the Texas Employment Commission [hereinafter the Commission] to tax employers under article 5221b-5, V.T.C.S. You present us with the following hypothetical example to illustrate your concerns:

> The ABC Corporation, a business fulfilling the qualifications for 'employer' as defined in section (f) of article 5221b-17, V.T.C.S., has been in existence for a number of years, during which it has had a substantial number of employees. Because of the experience rating program required by section (c) of article 5221b-5, the ABC Corporation has been forced to pay taxes on its employees at a rate considerably in excess of the 2.7% levied by section (b) on 'new employers.' The corporation might reorganize and change its name to the A-to-Z Corporation or the XYZ Corporation. [In any event] a new business might be created to contract to provide employees for the ABC Corporation. In either case the employees might be the same as those previously working for the ABC Corporation, but either the reorganized A-to-Z Corporation or the XYZ Corporation might seek to qualify for the 2.7% rate applicable to new employers.

In that regard you ask:

> Does the Texas Employment Commission have the authority to find that the reorganization of the ABC Corporation or the creation of the XYZ Corporation, to use the hypothetical example cited

> above, was a subterfuge to secure a lower tax rate and, on the basis of that finding, to require the surviving corporation or the new employing corporation to continue payment at the rates previously imposed on the ABC Corporation?

The legislature has delegated, with reasonable standards, power to the Commission to administer the Unemployment Compensation Act [hereinafter the Act] and to carry out its legislative purpose. See V.T.C.S. art. 5221b-9, et seq.; see also State, ex rel. v. Texas Municipal Power Agency, 565 S.W.2d 258 (Tex. Civ. App. - Houston [1st Dist.] 1978, no writ). Article 5221b-5, V.T.C.S., provides standards by which the Commission is to establish the rate of contribution to be paid by employers as defined in section (f) of article 5221b-17, V.T.C.S. The Texas Court of Civil Appeals has held that the statutory standards for establishing rates are mandatory and exclusive, and the Commission is "powerless to arrive at a different rate." See Space Precision Machining Co. v. State, 503 S.W.2d 289, 291 (Tex. Civ. App. - Austin 1973, no writ). This construction is consistent with the rule that when the legislature acts with respect to a particular matter, the administrative agency may not so act with respect to the matter as to nullify the legislature's action, even though the matter is within the agency's general regulatory field. See State v. Jackson, 376 S.W.2d 341 (Tex. 1964); see also Martinez v. Texas Employment Commission, 570 S.W.2d 28 (Tex. Civ. App. - Corpus Christi 1978, no writ). We therefore consider your hypothetical example in the light of these principles.

If ABC Corporation reorganizes and changes its name to the A to Z Corporation, there is no authority, expressed or implied, for the Commission, sua sponte, to determine that the newly formed A to Z Corporation may be taxed at ABC Corporation's experience rate. The only authority the Commission has to continue to charge ABC Corporation's tax rate to A to Z Corporation is under section (c)(7) of article 5221b-5, V.T.C.S. Section (c)(7) of article 5221b-5, V.T.C.S., provides in part:

> If an employing unit acquires all or a part of the organization, trade or business of an employer, such acquiring successor employing unit and such predecessor employer may jointly make written application to the Commission for that compensation experience of such predecessor employer which is attributable to the organization, trade or business or the part thereof acquired to be treated as compensation experience of such successor employing unit. The Commission shall approve such application if . . . .
> (Emphasis added).

If ABC Corporation and A to Z Corporation do not apply for a transfer of experience, the Commission does not have the authority to tax A to Z Corporation at the prior experience rate of ABC Corporation. See Tiffany Stone & Brick Co. v. State, 588 S.W.2d 607 (Tex. Civ. App. - Austin 1979, no writ); see also White v. State, 197 S.W.2d 389, 392 (Tex. Civ. App. - Austin 1946, writ ref'd n.r.e.).

Moreover, ABC Corporation is entitled to be taxed at the initial rate of 2.7% under section (b) of article 5221b-5, V.T.C.S., until the corporation, a new employer under the act, has had at least four calendar quarters of compensation experience. See Space Precision Machining Co. v. State, 503 S.W.2d 289. As indicated in your hypothetical example, "employer" is defined in section (f) of article 5221b-17, V.T.C.S. A to Z Corporation is made subject to the act under section (f)(2) of article 5221b-17, V.T.C.S., which provides:

> (2) Any individual or employing unit which acquired the organization, trade, or business, or substantially all of the assets thereof, of another which at the time of such acquisition was an employer subject to this Act. . . .

Accordingly, we believe that the Commission has no authority to find that ABC Corporation reorganized and changed its name to A to Z Corporation to secure a lower tax rate.

In regard to the second hypothetical example wherein ABC Corporation remains in existence and XYZ Corporation is organized and provides employees for ABC Corporation, we conclude that, for the reasons previously discussed, the Commission does not have the authority to tax XYZ Corporation at the rate it taxed ABC Corporation. A corporation contracting employment services for another corporation does not succeed to the experience ratio of the corporation receiving the service unless the two corporations apply for a transfer of experience under section (c)(7) of article 5221b-5, V.T.C.S. Moreover, you indicate that XYZ Corporation was a new business and is therefore a new "employer" under section (b) of article 5221b-5, V.T.C.S. Accordingly, XYZ Corporation is entitled to be taxed at the initial rate of contribution of 2.7%. See V.T.C.S. art. 5221b-5(b).

We recognize that the Commission has implied authority to inquire into the validity of a contract for service between an individual and ABC Corporation. See V.T.C.S. art. 5221b-17(f)(1), and 5221b-17(g)(1); see also Guinn v. State, 551 S.W.2d 783 (Tex. Civ. App. - Austin 1977, writ ref'd n.r.e.). We conclude, however, that such an analysis is not relevant to this hypothetical example. XYZ Corporation was created as a separate corporation to provide employees for ABC Corporation. The fact that these employees are the same individuals is inapposite. We read article 5221b-17(g)(1), V.T.C.S., to limit the Commission's authority to inquire into a relationship involving an independent contractor to situations where an individual, as opposed

to a corporation, is providing the contracted services.    Article 5221b-17(g)(1), V.T.C.S., provides in part:

> 'Employment' means any service, including service in interstate commerce, performed for wages or under any contract of hire, written or oral, express or implied, <u>provided that any services performed by an individual for wages shall be deemed to be employment subject to this Act unless and until it is shown to the satisfaction of the Commission that such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact. . . .</u>    (Emphasis added).

Therefore, the Commission is without authority under section (g)(1) of article 5221b-17, V.T.C.S., to find that the creation of XYZ Corporation was a subterfuge to secure a lower tax rate.

### S U M M A R Y

The Texas Employment Commission does not have the expressed nor implied authority under article 5221b-5, V.T.C.S., to find that a reorganized corporation or a new corporation created to provide an employment service for another corporation were organized as a subterfuge to secure a lower tax rate. The Texas Employment Commission is only authorized to tax a newly formed corporation under section (b) of article 5221b-5, V.T.C.S., unless a successor corporation and the predecessor corporation apply for a transfer of experience rate under section (c)(7) of article 5221b-5, V.T.C.S. There is no implied authority under section (g)(1) of article 5221b-17, V.T.C.S., for the Texas Employment Commission to tax a newly formed corporation providing an employment service, at the rate the Commission previously charged to the corporation receiving the service.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General